**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-42189-BEM |
| | ) | |
| Anthony David Luke and | ) | |
| Stacy Dawn Merritt-Luke, | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,**
**DEADLINE FOR FILING WRITTEN OBJECTIONS AND**
**HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

**To: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that Debtor has filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed Modification was filed on **September 28, 2020**. If the twenty-fourth day after the date of filing falls on a weekend or holiday, the deadline is extended to the next business day.

**PLACE OF FILING:**   Clerk, United States Bankruptcy Court
Room 339
600 East First Street
Rome, Georgia 30161-3187

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the deadline stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at: 203 W Hawthorne St, Dalton, GA 30720

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification on **October 28, 2020 at 9:50 a.m. in Courtroom 342, U.S. Courthouse, 600 East First Street, Rome, GA**. **If no objection is timely filed, the Court may approve the proposed Modification without further notice or hearing.**

**Dated:**  September 28, 2020

/s/_____
Dan Saeger, Attorney for Debtor
Georgia Bar No. 680628
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-42189-BEM |
| | ) | |
| Anthony David Luke and | ) | |
| Stacy Dawn Merritt-Luke, | ) | CHAPTER 13 |
| | ) | |
| Debtors. | ) | |

## AMENDED CHAPTER 13 PLAN COVER SHEET

1. Amended to remove steps to increase payments when loans have been paid off.

This 28th day of September, 2020.


/s/_____
Dan Saeger
SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Anthony | David | Luke |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Stacy | Dawn | Merritt-Luke |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number 18-42189-BEM
(if known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1, 9.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| | | Included | Not Included |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☒ Included | ☐ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2017), Version 1.0

Debtor    Anthony David Luke and Stacy Dawn Merritt-Luke    Case number    18-42189-BEM

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1  Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:   ■ 36 months       ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay ____$100.00__ per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on (insert date): | The Regular Payment amount will change to (insert amount): | For the following reason (insert reason for change): |
|---|---|---|
|  | _____ per ___month___ |  |

**§ 2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

■ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3  Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4  Additional Payments.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5  [Intentionally omitted.]**

**§ 2.6  Disbursement of funds by trustee to holders of allowed claims.**

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

(1) **First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

Debtor  Anthony David Luke and Stacy Dawn Merritt-Luke           Case number  18-42189-BEM

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

## Part 3:  Treatment of Secured Claims

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4  Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

Debtor  Anthony  David Luke and Stacy Dawn Merritt-Luke            Case number  18-42189-BEM

- ☑ The judicial liens and/or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless the Bankruptcy Court orders otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the claim secured by the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the claim secured by the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of creditor<br>Hamilton Medical Center<br><br>Collateral<br>Judgement<br><br><br><br><br><br>Lien identification (such as judgment date, date of lien recording)<br>Judgment Case No. 2018-242110CC | a. Amount of lien<br>b. Amount of all other liens<br>c. Value of claimed exemptions<br>d. Total of lines a, b, and c<br>e. Value of debtor(s) interest in property<br>f. Subtract line e from line d<br><br>Extent of exemption impairment<br>*(Check applicable box).*<br>☑ Line f is equal to or greater than line a.<br>    The entire lien is avoided. *(Do not complete the next column.)*<br>☐ Line f is less than line a.<br>    A portion of the lien is avoided. *(Complete the next column.)* | $4,610.85<br>$1,000.00<br>$9,255.00<br>$14,865.85<br>- $10,255.00<br>$4,610.85 | Amount of secured claim after avoidance (line a minus line f)<br>$0.00<br>Interest rate (if applicable)<br>_____ %<br>Monthly payment on secured claim<br>_____ |

§ 3.5  **Surrender of collateral.**

Check one.

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| | Name of Creditor | Collateral |
|---|---|---|
| + | | |
| - | Titlemax | 2010 Dodge Caravan |

§ 3.6  **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of  4.5  %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Anthony David Luke and Stacy Dawn Merritt-Luke      Case number  18-42189-BEM

### Part 4: Treatment of Fees and Priority Claims

**§ 4.1 General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3 Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 4,000.00 . The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 70.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,500.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,500.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4 Priority claims other than attorney's fees.**

☒ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☒ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

Debtor  Anthony David Luke and Stacy Dawn Merritt-Luke          Case number  18-42189-BEM

### § 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

### § 6.1
The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☒ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| Progressive Leasing | Furniture | $0.00 | $0.00 |

## Part 7: Vesting of Property of the Estate

### § 7.1
Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

## Part 8: Nonstandard Plan Provisions

### § 8.1 Check "None" or list Nonstandard Plan Provisions.

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)**

Attorneys fees shall increase from $70 to $183 on 7/2019

## Part 9: Signatures

### § 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).

The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.

✗ /s/ Anthony David Luke
Signature of debtor 1 executed on  9/28/2020
                                   MM / DD / YYYY

203 W Hawthorne St   Dalton, GA 30720
Address                          City, State, ZIP code

✗ /s/ Stacy Dawn Merritt-Luke
Signature of debtor 2 executed on  9/28/2020
                                   MM / DD / YYYY

203 W Hawthorne St   Dalton, GA 30720
Address                          City, State, ZIP code

✗ /s/ Dan Saeger
Signature of attorney for debtor(s)

Date: 9/28/2020
      MM / DD / YYYY

Saeger & Associates, LLC
Firm

706 S Thornton Ave Ste D, Dalton, GA 30720
Address                          City, State, ZIP code

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

## CERTIFICATE OF SERVICE

I certify that true and correct copies of Debtor's **Post-Confirmation Amendment to the Chapter 13 Plan and Notice of Filing of Modification of Confirmed Plan, Deadline for Filing Written Objections and Hearing Date and Time if Objection is Timely Filed** have been served upon the following by placing same in an envelope with adequate First Class postage affixed and depositing same in the United States Mail addressed for delivery to:

All parties and creditors on the attached matrix.

This 28th day of September, 2020.

/s/_____
Dan Saeger
Attorney for Debtors
Georgia Bar No. 680628

SAEGER & ASSOCIATES, LLC
706 S Thornton Ave. Ste. D
Dalton, GA 30720
(P) 706-529-5566
(F) 706-529-3775
dan@whitfieldcountylaw.com

```
Label Matrix for local noticing        Ad Astra Recovery                       Ashley Funding Services, LLC its successors
113E-4                                 7330 W 33rd St N # 118                  assigns as assignee of Laboratory
Case 18-42189-bem                      Wichita, KS  67205-9370                 Corporation of America Holdings
Northern District of Georgia                                                   Resurgent Capital Services
Rome                                                                           PO Box 10587
Tue Nov 13 18:07:15 EST 2018                                                   Greenville, SC 29603-0587

Capital Auto Finance                   Cash Express, LLC                       Chattanooga Imaging
2759 Delk Rd SE                        345 South Jefferson Avenue, Suite 300   1710 Gunbarrel Rd
Marietta, GA 30067-8859                Cookeville, TN 38501-3456               Chattanooga, TN  37421-3127


Credit Acceptance                      Credit Acceptance Corporation           Credit Collection Service
25505 West Twelve Mile Rd              PO Box 5070                             PO Box 607
Suite 3000                             Southfield, MI  48086-5070              Norwood, MA  02062-0607
Southfield MI 48034-8331


Credit One Bank                        Dalton Utilities                        (p)DIRECTV LLC
PO Box 98872                           1200 Vd Parrott Jr Pkwy                 ATTN BANKRUPTCIES
Las Vegas, NV  89193-8872              Dalton, GA  30721-3442                  PO BOX 6550
                                                                               GREENWOOD VILLAGE CO 80155-6550


Emergency Coverage Corp                First Premier Bank                      Hamilton Medical Center
265 Brookview Centre Way               3820 N Louise Ave                       Attn: Collection Department
Knoxville, TN  37919-4049              Sioux Falls, SD  57107-0145             PO Box 1168
                                                                               Dalton, GA  30722-1168


IC Systems Collections                 LVNV Funding LLC                        LVNV Funding, LLC its successors and assigns
PO Box 64378                           c/o Resurgent Capital Services          assignee of MHC Receivables, LLC and
Saint Paul, MN  55164-0378             PO Box 1269                             FNBM, LLC
                                       Greenville, SC  29602-1269              Resurgent Capital Services
                                                                               PO Box 10587
                                                                               Greenville, SC 29603-0587

Anthony David Luke                     Stacy Dawn Merritt-Luke                 Mitchell & Mitchell, PC
203 W Hawthorne St                     203 W Hawthorne St                      PO Box 668
Dalton, GA 30720-3155                  Dalton, GA 30720-3155                   Dalton, GA  30722-0668


NGRCA                                  North Georgia Regional Collection Agency   Online Information Services
P O BOX 1949                           PO Box 1949                             PO Box 1489
DALTON,GA 30722-1949                   Dalton, GA  30722-1949                  Winterville, NC  28590-1489


Online Services                        Physicians Care                         Physicians Care
PO Box 1489                            403 McBrien Rd                          Premier Financial
Winterville, NC  28590-1489            Chattanooga, TN  37412-3223             5312 Brainerd Rd
                                                                               Chattanooga, TN 37411-5327


Premier Bankcard, Llc                  Premier Financial                       Prgressive Leasing
Jefferson Capital Systems LLC Assignee 5312 Brainerd Rd                        256 W Data Dr
Po Box 7999                            Chattanooga, TN  37411-5327             Draper, UT  84020-2315
Saint Cloud Mn 56302-7999
```

```
Progressive Insurance Company        Promise Pediatrics                    Robert Scott Rickman
6300 Wilson Mills Rd                 375 Boynton Dr                        Rickman & Associates, PC
Mayfield Village, OH 44143-2182      Ringgold, GA 30736-2737                Suite 200
                                                                           1755 North Brown Road
                                                                           Lawrenceville, GA 30043-8196


Speedy Cash                          (p)TMX FINANCE LLC FORMERLY TITLEMAX  Mary Ida Townson
5900 Brainerd Rd                     15 BULL STREET                        Chapter 13 Trustee
Chattanooga, TN 37411-5515           SUITE 200                             Suite 2200
                                     SAVANNAH GA 31401-2686                191 Peachtree Street, NE
                                                                           Atlanta, GA 30303-1770


US Dept of Ed/GLELSI                 Wakefield & Assoc.                    Wells Fargo Card Service
PO Box 7859                          PO Box 50250                          PO Box 14517
Madison, WI 53707-7859               Knoxville, TN 37950-0250              Des Moines, IA 50306-3517




Whitfield County Magistrate Court
Attention: Civil Clerk
PO Box 386
Dalton, GA 30722-0386
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Directv                              Titlemax                              End of Label Matrix
PO Box 78626                         301 N Glenwood Ave                    Mailable recipients    39
Phoenix, AZ 85062-8626               Dalton, GA 30721-3114                 Bypassed recipients     0
                                                                           Total                  39
```